UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROTHERHOOD OF MAINTENANCE<br>OF WAY EMPLOYES, DIVISION, IBT<br>20300 Civic Center Dr. Suite 320<br>Southfield, MI 48076-4169<br><br>      Plaintiff,<br><br>NATIONAL MEDIATION BOARD<br>1301 K Street, NW<br>Washington, DC 20572<br><br>and<br>Read Van de Water, Chairman,<br>Harry R. Hoglander, Member,<br>Edward J. Fitzmaurice, Jr., Member,<br>in their official capacities,<br>1301 K Street NW<br>Washington, DC 20572,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The Brotherhood of Maintenance of Way Employes Division/IBT ("BMWED") brings this complaint against the National Mediation Board ("NMB"), and the individual members of the Board in their official capacities, for a declaration that the NMB has arbitrarily, unreasonably, improperly and unlawfully failed to proffer arbitration and terminate mediation in a dispute between BMWED and the National Railroad Passenger Corp. ("Amtrak") over the parties' respective proposals for changes in the BMWED-Amtrak collective bargaining agreements. BMWED further seeks an order requiring the NMB to proffer arbitration and release the parties from mediation.

BMWED and Amtrak have been in bargaining under the Railway Labor Act ("RLA")

1

Section 6 (45 U.S.C. §156) for over six years, and subject to mediation under RLA Section 5 for over five and one-half years. BMWED and Amtrak have not bargained or mediated either directly or through the NMB for one and one-half years. BMWED has requested a proffer of arbitration of the dispute and a release from mediation pursuant to RLA Section 5, 45 U.S.C. §155. However the NMB has failed and refused proffer and release, even though there has been no bargaining, mediation or even discussion between the parties for over one and one-half years. The NMB's failure and refusal to act is in violation of the NMB's statutory obligation under RLA Section 5 First. All that has happened is that the parties have been restrained from exercising self help to obtain their goals without any actual concomitant process for resolving their dispute through means other than self help.

BMWED therefore seeks a declaration that the NMB has arbitrarily, unreasonably, improperly and unlawfully failed and refused to proffer arbitration and terminate mediation in this dispute; and an order requiring the NMB to to proffer arbitration and release the parties from mediation.

**PARTIES**

1. BMWED is an unincorporated labor association that maintains its headquarters in Southfield, Michigan. BMWED is the representative for collective bargaining under Section 1 Sixth of the RLA, 45 U.S.C. §151 Sixth, of employees of Amtrak working in the class or craft of maintenance of way employee.

2. The NMB is a federal agency created by Congress to administer certain provisions of the Railway Labor Act, 45 U.S.C. §151, *et seq.* Its headquarters is located at 1301 K Street, NW, Suite 250E, Washington, DC 20572. Defendant Reed Van de Water is Chairman of the NMB,

and defendants Edward J. Fitzmaurice, Jr., and Harry R. Hoglander are Members of the NMB.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear BMWED's complaint pursuant to 28 U.S.C. §§ 1331 and 1337 because it arises under the RLA, an act of Congress regulating interstate commerce; under 28 U.S.C. § 1361, which provides jurisdiction in this Court for an action in the nature of mandamus against a federal agency and federal officers; and under 28 U.S.C. §§ 2201 and 2202 because BMWED seeks a declaratory judgment

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (e) because the NMB resides in this District and its members maintain their offices in this District.

## STATEMENT OF THE CLAIM

5. Amtrak is a government created corporation that was organized to relieve private rail carriers of their obligations to provide passenger service, and to assume responsibility for provision of national intercity passenger rail service. Amtrak owns certain track, right of way and associated shop and other facilities between Washington, D.C. and Boston, Massachusetts known as the Northeast Corridor ("NEC"), and it operates trains and carries out necessary maintenance of way and signal work, locomotive and passenger car maintenance, and dispatching and clerical work associated with service on the NEC. Amtrak also operates trains on the tracks of other railroads in other parts of the United States and it is responsible for performing certain other work, including maintenance of way work, in connection with such operations. Amtrak is a "carrier" within the meaning of Section 1 First of the RLA, 45 U.S.C. §151 First.

6. BMWED and Amtrak are parties to two collective bargaining agreements covering Amtrak's maintenance of way employees. By their terms, those agreements provided that neither

party could serve notices to change the agreements until November 1, 1999.

7. On November 1, 1999 BMWED served a notice on Amtrak under Section 6 of the RLA; BMWED's notice advised Amtrak of BMWED's desire to change various aspects of the parties' agreements.

8. BMWED and Amtrak were not able to resolve their dispute by direct bargaining between the parties.

9. After April 7, 2000 the NMB became engaged in the dispute and began mediation pursuant to Section 5 First of the RLA, 45 U.S.C. § 155. The NMB took jurisdiction of the dispute and began mediation. The NMB designated mediators Les Pamalee and Fred Lief as mediators for the dispute. Board Member Fitzmaurice also became involved in the mediation.

10. The parties' first mediation session was held on May 12, 2000.

11. On June 12, 2000 Amtrak served a Section 6 notice on BMWED, seeking changes in the parties' agreements.

12. The parties met together and with mediators on June 13-14, 2000; June 27, 2000; August 22-23, 2000; September 12-13, 2000; June 4-5, 2001; and August 27-28, 2001.

13. The parties had no direct dealings or mediated dealings in this dispute between August 28, 2001 and April 9, 2003.

14. On April 10, 2003, Amtrak advised BMWED that its proposals from 2000 and 2001 were "off-the table", and that Amtrak required concessions from the Union beyond those sought by Amtrak when they last met in 2001.

15. The parties met together and with mediators on April 10-11, 2003; May 2, 2003; and July 2, 2003.

16. On July 8, 2003, BMWED wrote to the NMB requesting that the NMB release the parties from mediation under RLA Section 5, and proffer arbitration under Section 7 of the RLA

17. Amtrak opposed a release from mediation and a proffer of arbitration by letter of July 22, 2003.

18. By letter of October 1, 2003, the NMB advised the parties that it would not release them from mediation and proffer arbitration.

19. The parties had no direct dealings or mediated dealings in this dispute between July 2, 2003 and May 6, 2004.

20. The parties met together and with mediators on May 7, 2004.

21. The parties had no direct dealings or mediated dealings in this dispute between May 7, 2004 and the date of this complaint.

22. On March 29, 2005, BMWED again wrote to the NMB requesting that it release the parties from mediation and proffer arbitration.

23. By letter of April 11. 2005, Amtrak opposed a release from mediation and a proffer of arbitration.

24. The parties have had no direct dealings or mediated dealings in this dispute since May 7, 2004, and since BMWED's second request for release from mediation in March of 2005.

25. As of the date of this complaint, the NMB has not scheduled any additional mediation or other meetings or dealings between the parties in this dispute.

26. As of the date of this complaint, the NMB has not responded to BMWED's second request for release from mediation and for proffer of arbitration.

27. Although BMWED and Amtrak have not been released from mediation, they are not

engaged in any active mediation and have not participated in any mediation or negotiation since May 7, 2004.

## FIRST CAUSE OF ACTION

28. BMWED repeats and realleges herein, the allegations contained in paragraphs 1 through 27 of this complaint

29. Section 6 of the RLA, 45 U.S.C. §156, provides:

> Carriers and representatives of the employees shall give at least thirty days' written notice of an intended change in the agreements affecting rates of pay, rules, or working conditions, and the time and place for the beginning of conference between the representatives of the parties interested in such intended changes shall be agreed upon within ten days after the receipt of said notice, and said time shall be within the thirty days provided in the notice. In every case where such notice of intended change has been given, or conferences are being held with reference thereto, or the services of the Mediation Board have been requested by either party, or said Board has proffered its services, rates of pay, rules, or working conditions shall not be altered by the carrier until the controversy has been finally acted upon, as required by section 155 of this title, by the Mediation Board, unless a period of ten days has elapsed after termination of conferences without request for or proffer of the services of the Mediation Board.

30. If either party to a dispute believes that efforts at resolving a Section 6 notice or Section 6 notices through direct negotiations have been unsuccessful, it may invoke mediation services of the NMB under RLA Section 5. Under RLA Section 5, the NMB "shall promptly put itself in communication with the parties", and "shall use its best efforts, by mediation, to bring them to agreement." If the NMB's mediation efforts "shall be unsuccessful, the said Board shall at once endeavor as its final required action. . . to induce the parties to submit their controversy to arbitration in accordance with the provisions of this chapter". 45 U.S.C. §155. Thus, under

Section 5, if mediation fails, the NMB is to proffer of arbitration.

31. Arbitration proffered after failure of mediation is arbitration under RLA Section 7, 45 U.S.C. §157. Neither party is required to submit a dispute to Section 7 arbitration. If either party refuses to arbitrate, the Board is to release the parties from mediation. Under RLA Section 5 the Board "shall at once notify both parties that its mediatory efforts have failed." After a notice of release and proffer of arbitration, "no change shall be made in the rates of pay, rules, or working conditions or established practices in effect prior to the time the dispute arose" for thirty days. If arbitration is accepted, or if a Presidential Emergency Board is created under RLA Section 10, 45 U.S.C. §160, separate status quo provisions apply. Following the thirty day period after release from mediation, if arbitration is not accepted, and no Presidential Emergency Board is created, the parties are free to resort to economic self-help to achieve their respective bargaining demands.

32. Although BMWED and Amtrak have been in mediation for over five years, have had only one mediation session since July of 2003 and have had no mediation or negotiation since May of 2004, the NMB has failed and refused to proffer arbitration and release the parties from mediation.

33. The NMB's failure and refusal to proffer of arbitration and release the parties from mediation is patently arbitrary and patently unreasonable, and in violation of the NMB's obligations under Section 5 of the RLA.

## SECOND CAUSE OF ACTION

34. BMWED repeats and realleges herein, the allegations contained in paragraphs 1 through 34 of this complaint

35. Section 5 of the RLA requires that if mediation is unsuccessful, the NMB "shall at

once" proffer arbitration and release the parties from mediation.

36. The NMB has held only one mediation session in the BMWED- Amtrak dispute in over two years, and has held no mediation sessions in almost one and one-half years, and has failed to even answer BMWED's March 2005 second request for release from mediation.

37. By failing and refusing to proffer arbitration and release the parties from mediation while not actually engaging in mediation, the NMB has acted patently arbitrarily, patently unreasonably and in clear violation of RLA Section 5.

38. The NMB's failure and refusal to proffer of arbitration and release the parties from mediation has unlawfully and wrongfully deprived BMWED of its right to engage in self-help in support of its efforts to change its agreements with Amtrak, once mediation has been unsuccessful.

### THIRD CAUSE OF ACTION

39. BMWED repeats and realleges herein, the allegations contained in paragraphs 1 through 38 of this complaint

40. By failing and refusing to proffer arbitration and release BMWED and Amtrak from mediation, the individual members of the NMB have failed and refused to perform their duties under Section 5 of the RLA

### RELIEF REQUESTED

WHEREFORE, the BMWED respectfully requests that the Court:

A. DECLARE that the NMB has violated the requirements of Section 5 First of the RLA by failing and refusing to proffer arbitration and release BMWED and Amtrak from meditation;

B. DECLARE that the NMB has violated the requirements of Section 5 by failing and

refusing to proffer arbitration and release BMWED and Amtrak from meditation, while not actually conducting mediation;.

C. DECLARE that the individual members of the NMB have failed and refused to perform their duties under Section 5 of the RLA by failing and refusing to proffer arbitration and release BMWED and Amtrak from mediation

D. ORDER the NMB to proffer arbitration to BMWED and Amtrak and release them from mediation

E. GRANT BMWED any other relief that is just and proper.

Respectfully submitted,

                /s/
Richard S. Edelman

| Of Counsel: | D.C. Bar No. 416348 |
|---|---|
| William A. Bon, Esq. | O'Donnell, Schwartz & Anderson, P.C. |
| General Counsel | 1900 L Street, N.W., #800 |
| Brotherhood of Maintenance | Washington, DC 20036 |
| of Way Employes | (202) 898-1824 |
| 20300 Civic Center Dr. Suite 320 | fax (202)-429-8928 |
| Southfield, MI 48076-4169 | |
| (248) 948-1010 | |

Counsel for the Brotherhood of Maintenance of Way Employes Division/IBT

November 9, 2005