# ATTACHMENT 1

# THE RAILWAY LABOR ACT

### TITLE 45 — United States Code

### Chapter 8 — Sections 151–188

### 1996 Edition
### CUT OFF AS OF 06/30/96



# THE RAILWAY LABOR ACT

## TITLE 45 — United States Code

## Chapter 8 — Sections 151–188

### 1996 Edition
### CUT OFF AS OF 06/30/96



**CHAPTER 8—RAILWAY LABOR**

SUBCHAPTER I—GENERAL PROVISIONS

Sec.
151.   Definitions; short title.
151a.   General purposes.
152.   General duties.
153.   National Railroad Adjustment Board.
154.   National Mediation Board.
155.   Functions of Mediation Board.
156.   Procedure in changing rates of pay, rules, and working conditions.
157.   Arbitration.
158.   Agreement to arbitrate; form and contents; signatures and acknowledgment; revocation.
159.   Award and judgment thereon; effect of chapter on individual employee.
159a.   Special procedure for commuter service.
    (a) Applicability of provisions.
    (b) Request for establishment of emergency board.
    (c) Establishment of emergency board.
    (d) Public hearing by National Mediation Board upon failure of emergency board to effectuate settlement of dispute.
    (e) Establishment of second emergency board.
    (f) Submission of final offers to second emergency board by parties. board.
    (g) Report of second emergency board.
    (h) Maintenance of status quo during dispute period.
    (i) Work stoppages by employees subsequent to carrier offer selected; eligibility of employees for benefits.
    (j) Work stoppages by employees subsequent to employees offer selected; eligibility of employer for benefits.
160.   Emergency board.
161.   Effect of partial invalidity of chapter.
162.   Authorization of appropriations.
163.   Repeal of prior legislation; exception.
164.   Repealed.

SUBCHAPTER II—CARRIERS BY AIR

181.   Application of subchapter I to carriers by air.
182.   Duties, penalties, benefits, and privileges of subchapter I applicable.
183.   Disputes within jurisdiction of Mediation Board.
184.   System, group, or regional boards of adjustment.
185.   National Air Transport Adjustment Board.
186.   Omitted.
187.   Separability.
188.   Authorization of appropriations.

CHAPTER REFERRED TO IN OTHER SECTIONS

This chapter is referred to in sections 231, 351, 354, 355, 362, 401, 404, 431, 522, 565, 591, 726, 797k, 851, 853, 1108, 1207 of this title; title 11 section 1167; title 18 section 1951; title 26 section 3231; title 29 sections 152,

182, 401, 402, 523, 630, 1002, 1415, 2108; title 42 section 2000e; title 49 section 10722; title 49 App. section 1382.

## SUBCHAPTER I—GENERAL PROVISIONS

### Subchapter Referred to in Other Sections

This subchapter is referred to in sections 181, 182 of this title; title 11 section 1113.

### § 151. Definitions; short title

When used in this chapter and for the purposes of this chapter—

First. The term "carrier" includes any railroad subject to the jurisdiction of the Surface Transportation Board, any express company that would have been subject to subtitle IV of title 49, United States Code, as of December 31, 1995, and any company which is directly or indirectly owned or controlled by or under common control with any carrier by railroad and which operates any equipment or facilities or performs any service (other than trucking service) in connection with the transportation, receipt, delivery, elevation, transfer in transit, refrigeration or icing, storage, and handling of property transported by railroad, and any receiver, trustee, or other individual or body, judicial or otherwise, when in the possession of the business of any such "carrier": *Provided, however,* That the term "carrier" shall not include any street, interurban, or suburban electric railway, unless such railway is operating as a part of a general steam-railroad system of transportation, but shall not exclude any part of the general steam-railroad system of transportation now or hereafter operated by any other motive power. The Surface Transportation Board is authorized and directed upon request of the Mediation Board or upon complaint of any party interested to determine after hearing whether any line operated by electric power falls within the terms of this proviso. The term "carrier" shall not include any company by reason of its being engaged in the mining of coal, the supplying of coal to a carrier where delivery is not beyond the mine tipple, and the operation of equipment or facilities therefor, or in any of such activities.

Second. The term "Adjustment Board" means the National Railroad Adjustment Board created by this chapter.

Third. The term "Mediation Board" means the National Mediation Board created by this chapter.

Fourth. The term "commerce" means commerce among the several States or between any State, Territory, or the District of Columbia and any foreign nation, or between any Territory or the District of Columbia and any State, or between any Territory and any. other Territory, or between any Territory and the District of Columbia, or within any Territory or the District of Columbia, or between points in the same State but through any other State or any Territory or the District of Columbia or any foreign nation.

Fifth. The term "employee" as used herein includes every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of his service) who performs any work defined as that of an employee or subordinate official in the orders of

the Surface Transportation Board now in effect, and as the same may be amended or interpreted by orders hereafter entered by the Board pursuant to the authority which is conferred upon it to enter orders amending or interpreting such existing orders: *Provided, however,* That no occupational classification made by order of the Surface Transportation Board shall be construed to define the crafts according to which any employees may be organized by their voluntary action, nor shall the jurisdiction or powers of such employee organizations be regarded as in any way limited or defined by the provisions of this chapter or by the orders of the Board.

The term "employee" shall not include any individual while such individual is engaged in the physical operations consisting of the mining of coal, the preparation of coal, the handling (other than movement by rail with standard railroad locomotives) of coal not beyond the mine tipple, or the loading of coal at the tipple.

Sixth. The term "representative" means any person or persons, labor union, organization, or corporation designated either by a carrier or group of carriers or by its or their employees, to act for it or them.

Seventh. The term "district court" includes the United States District Court for the District of Columbia; and the term "court of appeals" includes the United States Court of Appeals for the District of Columbia.

This chapter may be cited as the "Railway Labor Act."

(May 20, 1926, ch. 347, §1, 44 Stat. 577; June 7, 1934, ch. 426, 48 Stat. 926; June 21, 1934, ch. 691, §1, 48 Stat. 1185; June 25, 1936, ch. 804, 49 Stat. 1921; Aug. 13, 1940, ch. 664, §§2, 3, 54 Stat. 785, 786; June 25, 1948, ch. 646, §32(a), (b), 62 Stat. 991; May 24, 1949, ch. 139, §127, 63 Stat. 107.)

### References in Text

This chapter, referred to in text, was in the original "this Act", meaning act May 20, 1926, ch. 347, 44 Stat. 577, as amended, known as the Railway Labor Act, which enacted this chapter and amended sections 225 and 348 of former Title 28, Judicial Code and Judiciary. Sections 225 and 348 of former Title 28 were repealed by section 39 of act June 25, 1948, ch. 646, 62 Stat. 992, section 1 of which enacted Title 28, Judiciary and Judicial Procedure. Section 225 of former Title 28 was reenacted as sections 1291 to 1294 of Title 28. For complete classification of this Act to the Code, see this section and Tables.

### Codification

In par. First, "subtitle IV of title 49" substituted for "the Interstate Commerce Act [49 U.S.C. 1 et seq.]" on authority of Pub. L. 95–473, §3(b), Oct. 17, 1978, 92 Stat. 1466, the first section of which enacted subtitle IV of Title 49, Transportation.

Provisions of act Aug. 13, 1940, §2, similar to those comprising par. First of this section, limiting the term "employer" as applied to mining, etc., of coal, were formerly contained in section 228a of this title. Provisions of section 3 of the act, similar to those comprising par. Fifth of this section, limiting the term "employee" as applied to mining, etc., of coal, were formerly contained in sections 228a, 261, and 351 of this title, and section 1532 of former Title 26, Internal Revenue Code, 1939.

As originally enacted, par. Seventh contained references to the Supreme Court of the District of Columbia. Act June 25, 1936 substituted "the district court of the United States for the District of Columbia" for "the Supreme Court of the District of Columbia", and act June 25, 1948, as amended by act May 24, 1949, substituted "United States District Court for the District of Columbia" for "district court of the United States for the District of Columbia".

As originally enacted, par. Seventh contained references to the "circuit court of appeals". Act June 25, 1948, as amended by act May 24, 1949, substituted "court of appeals" for "circuit court of appeals".

As originally enacted, par. Seventh contained references to the "Court of Appeals of the District of Columbia". Act June 7, 1934, substituted "United States Court of Appeals for the District of Columbia" for "Court of Appeals of the District of Columbia".

AMENDMENTS

1940—Act Aug. 13, 1940, inserted last sentence of par. First, and second par. of par. Fifth.

1934—Act June 21, 1934, added par. Sixth and redesignated provisions formerly set out as par. Sixth as Seventh.

RESTRICTION ON ESTABLISHMENT OF NEW ANNUITIES OR PENSIONS

Pub. L. 91–215, §7, Mar. 17, 1970, 84 Stat. 72, provided that: "No carrier and no representative of employees, as defined in section 1 of the Railway Labor Act [this section], shall, before April 1, 1974, utilize any of the procedures of such Act [this chapter], to seek to make any changes in the provisions of the Railroad Retirement Act of 1937 [section 228a et seq. of this title] for supplemental annuities or to establish any new class of pensions or annuities, other than annuities payable out of the Railroad Retirement Account provided under section 15(a) of the Railroad Retirement Act of 1937 [subsection (a) of section 228o of this title], to become effective prior to July 1, 1974; nor shall any such carrier or representative of employees until July 1, 1974, engage in any strike or lockout to seek to make any such changes or to establish any such new class of pensions or annuities: Provided, That nothing in this section shall inhibit any carrier or representative of employees from seeking any change with respect to benefits payable out of the Railroad Retirement Account provided under section 15(a) of the Railroad Retirement Act of 1937 [subsection (a) of section 228o of this title]."

SOCIAL INSURANCE AND LABOR RELATIONS OF RAILROAD COAL-MINING EMPLOYEES; RETROACTIVE OPERATION OF ACT AUGUST 13, 1940; EFFECT ON PAYMENTS, RIGHTS, ETC.

Sections 4–7 of act Aug. 13, 1940, as amended by Reorg. Plan No. 2 of 1946, §4, eff. July 16, 1946, 11 F.R. 7873, 60 Stat. 1095, with regard to the operation and effect of the laws amended, provided:

"SEC. 4. (a) The laws hereby expressly amended [section 1532 of Title 26, I.R.C. 1939 (former Title 26, Internal Revenue Code of 1939] and sections 151, 215, 228a, 261, and 351 of this title), the Social Security Act, approved August 14, 1935 (section 301 et seq. of Title 42), and all amendments herein contained had been enacted as a part of the law it amends, at the time of the original enactment of such law.

"(b) No person (as defined in the Carriers Taxing Act of 1937 [section 261 et seq. of this title]) shall be entitled, by reason of the provisions of this Act, to a refund of, or relief from liability for, any income or excise taxes paid or accrued, pursuant to the provisions of the Carriers Taxing Act of 1937 or subchapter B of chapter 9 of the Internal Revenue Code [section 1500 et seq. of former Title 26, Internal Revenue Code of 1939], prior to the date of the enactment of this Act [Aug. 13, 1940] by reason of employment in the service of any carrier by railroad subject to part I of the Interstate Commerce

Act [49 U.S.C. 10501 et seq.], but any individual who has been employed in such service of any carrier by railroad subject to part I of the Interstate Commerce Act as is excluded by the amendments made by this Act from coverage under the Carriers Taxing Act of 1937 and subchapter B of chapter 9 of the Internal Revenue Code, and who has paid income taxes under the provisions of such Act or subchapter, and any carrier by railroad subject to part I of the Interstate Commerce Act which has paid excise taxes under the provisions of the Carriers Taxing Act of 1937 or subchapter B of chapter 9 of the Internal Revenue Code, may, upon making proper application therefor to the Bureau of Internal Revenue [now Internal Revenue Service], have the amount of taxes so paid applied in reduction of such tax liability with respect to employment, as may, by reason of the amendments made by this Act, accrue against them under the provisions of title VIII of the Social Security Act [section 1001 et seq. of Title 42] or the Federal Insurance Contributions Act (subchapter A of chapter 9 of the Internal Revenue Code) [section 1400 et seq. of former Title 26].

"(c) Nothing contained in this Act shall operate (1) to affect any annuity, pension, or death benefit granted under the Railroad Retirement Act of 1935 [section 215 et seq. of this title] or the Railroad Retirement Act of 1937 [section 228a et seq. of this title], prior to the date of enactment of this Act [Aug. 13, 1940], or (2) to include any of the services on the basis of which any such annuity or pension was granted, as employment within the meaning of section 210(b) of the Social Security Act or section 209(b) of such Act, as amended [sections 410(b) and 409(b), respectively, of Title 42]. In any case in which a death benefit has been granted, the amount of such death benefit attributable to services, coverage of which is affected by this Act, shall be deemed to have been paid to the deceased under section 204 of the Social Security Act [section 404 of Title 42] in effect prior to January 1, 1940, and deductions shall be made from any insurance benefit or benefits payable under the Social Security Act, as amended [section 301 et seq. of Title 42], with respect to wages paid to an individual for such services until such deductions total the amount of such death benefit attributable to such services.

"(d) Nothing contained in this Act shall operate to affect the benefit rights of any individual under the Railroad Unemployment Insurance Act [section 351 et seq. of this title] for any day of unemployment (as defined in section 1(k) of such Act [section 351(k) of this title]) occurring prior to the date of enactment of this Act. [Aug. 13, 1940]

"SEC. 5. Any application for payment filed with the Railroad Retirement Board prior to, or within sixty days after, the enactment of this Act shall, under such regulations as the Federal Security Administrator may prescribe, be deemed to be an application filed with the Federal Security Administrator by such individual or by any person claiming any payment with respect to the wages of such individual, under any provision of section 202 of the Social Security Act, as amended [section 402 of Title 42].

"SEC. 6. Nothing contained in this Act, nor the action of Congress in adopting it, shall be taken or considered as affecting the question of what carriers, companies, or individuals, other than those in this Act specifically provided for, are included in or excluded from the provisions of the various laws to which this Act is an amendment.

"SEC. 7. (a) Notwithstanding the provisions of section 1605(b) of the Internal Revenue Code [section 1605(b) of former Title 26, Internal Revenue Code of 1939], no interest shall, during the period February 1, 1940, to the eighty-ninth day after the date of enactment of this Act [Aug. 13, 1940], inclusive, accrue by reason of delinquency in the payment of the tax imposed by section 1600 with respect to services affected by this Act performed during the period July 1, 1939, to December 31, 1939, inclusive, with respect to which services amounts have been paid as contributions under the Railroad Un-

employment Insurance Act [section 351 et seq. of this title] prior to the date of enactment of this Act.

"(b) Notwithstanding the provisions of section 1601(a)(3) of the Internal Revenue Code [section 1601(a)(3) of former Title 26, Internal Revenue Code of 1939], the credit allowable under section 1601(a) against the tax imposed by section 1600 for the calendar year 1939 shall not be disallowed or reduced by reason of the payment into a State unemployment fund after January 31, 1940, of contributions with respect to services affected by this Act performed during the period July 1, 1939, to December 31, 1939, inclusive, with respect to which services amounts have been paid as contributions under the Railroad Unemployment Insurance Act [section 351 et seq. of this title] prior to the date of enactment of this Act [Aug. 13, 1940]: *Provided*, That this subsection shall be applicable only if the contributions with respect to such services are paid into the State unemployment fund before the ninetieth day after the date of enactment of this Act."

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 157, 182 of this title.

### § 151a. General purposes

The purposes of the chapter are: (1) To avoid any interruption to commerce or to the operation of any carrier engaged therein; (2) to forbid any limitation upon freedom of association among employees or any denial, as a condition of employment or otherwise, of the right of employees to join a labor organization; (3) to provide for the complete independence of carriers and of employees in the matter of self-organization to carry out the purposes of this chapter; (4) to provide for the prompt and orderly settlement of all disputes concerning rates of pay, rules, or working conditions; (5) to provide for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions.

(May 20, 1926, ch. 347, § 2, 44 Stat. 577; June 21, 1934, ch. 691, § 2, 48 Stat. 1186.)

AMENDMENTS

1934—Act June 21, 1934, reenacted provisions comprising this section without change.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 153, 157 of this title.

### § 152. General duties

### First. Duty of carriers and employees to settle disputes

It shall be the duty of all carriers, their officers, agents, and employees to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to commerce or to the operation of any carrier growing out of any dispute between the carrier and the employees thereof.

### Second. Consideration of disputes by representatives

All disputes between a carrier or carriers and its or their employees shall be considered, and, if possible, decided, with all expedition, in conference between representatives designated and authorized so to confer, respectively, by the carrier or carriers and by the employees thereof interested in the dispute.

### Third. Designation of representatives

Representatives, for the purposes of this chapter, shall be designated by the respective parties without interference, influence, or coercion by either party over the designation of representatives by the other; and neither party shall in any way interfere with, influence, or coerce the other in its choice of representatives. Representatives of employees for the purposes of this chapter need not be persons in the employ of the carrier, and no carrier shall, by interference, influence, or coercion seek in any manner to prevent the designation by its employees as their representatives of those who or which are not employees of the carrier.

### Fourth. Organization and collective bargaining; freedom from interference by carrier; assistance in organizing or maintaining organization by carrier forbidden; deduction of dues from wages forbidden

Employees shall have the right to organize and bargain collectively through representatives of their own choosing. The majority of any craft or class of employees shall have the right to determine who shall be the representative of the craft or class for the purposes of this chapter. No carrier, its officers, or agents shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees, or to use the funds of the carrier in maintaining or assisting or contributing to any labor organization, labor representative, or other agency of collective bargaining, or in performing any work therefor, or to influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization, or to deduct from the wages of employees any dues, fees, assessments, or other contributions payable to labor organizations, or to collect or to assist in the collection of any such dues, fees, assessments, or other contributions: *Provided*, That nothing in this chapter shall be construed to prohibit a carrier from permitting an employee, individually, or local representatives of employees from conferring with management during working hours without loss of time, or to prohibit a carrier from furnishing free transportation to its employees while engaged in the business of a labor organization.

### Fifth. Agreements to join or not to join labor organizations forbidden

No carrier, its officers, or agents shall require any person seeking employment to sign any contract or agreement promising to join or not to join a labor organization; and if any such contract has been enforced prior to the effective date of this chapter, then such carrier shall notify the employees by an appropriate order that such contract has been discarded and is no longer binding on them in any way.

§ 153

condition of employment with respect to employees to whom membership is not available upon the same terms and conditions as are generally applicable to any other member or with respect to employees to whom membership was denied or terminated for any reason other than the failure of the employee to tender the periodic dues, initiation fees, and assessments (not including fines and penalties) uniformly required as a condition of acquiring or retaining membership.

(b) to make agreements providing for the deduction by such carrier or carriers from the wages of its or their employees in a craft or class and payment to the labor organization representing the craft or class of such employees, of any periodic dues, initiation fees, and assessments (not including fines and penalties) uniformly required as a condition of acquiring or retaining membership: *Provided*, That no such agreement shall be effective with respect to any individual employee until he shall have furnished the employer with a written assignment to the labor organization of such membership dues, initiation fees, and assessments, which shall be revocable in writing after the expiration of one year or upon the termination date of the applicable collective agreement, whichever occurs sooner.

(c) The requirement of membership in a labor organization in an agreement made pursuant to subparagraph (a) of this paragraph shall be satisfied, as to both a present or future employee in engine, train, yard, or hostling service, that is, an employee engaged in any of the services or capacities covered in the First division of paragraph (h) of section 153 of this title defining the jurisdictional scope of the First Division of the National Railroad Adjustment Board, if said employee shall hold or acquire membership in any one of the labor organizations, national in scope, organized in accordance with this chapter and admitting to membership employees of a craft or class in any of said services; and no agreement made pursuant to subparagraph (b) of this paragraph shall provide for deductions from his wages for periodic dues, initiation fees, or assessments payable to any labor organization other than that in which he holds membership: *Provided, however*, That as to an employee in any of said services on a particular carrier at the effective date of any such agreement on a carrier, who is not a member of any one of the labor organizations, national in scope, organized in accordance with this chapter and admitting to membership employees of a craft or class in any of said services, such employee, as a condition of continuing his employment, may be required to become a member of the organization representing the craft in which he is employed on the effective date of the first agreement applicable to him: *Provided, further*, That nothing herein or in any such agreement or agreements shall prevent an employee from changing membership from one organization to another organization admitting to membership employees of a craft or class in any of said services.

(d) Any provisions in paragraphs Fourth and Fifth of this section in conflict herewith are to the extent of such conflict amended.

(May 20, 1926, ch. 347, § 2, 44 Stat. 577; June 21, 1934, ch. 691, § 2, 48 Stat. 1186; June 25, 1948, ch. 646, § 1, 62 Stat. 909; Jan. 10, 1951, ch. 1220, 64 Stat. 1238.)

REFERENCES IN TEXT

The effective date of this chapter, referred to in par. Fifth, probably means May 20, 1926, the date of approval of act May 20, 1926, ch. 347, 44 Stat. 577.

AMENDMENTS

1951—Act Jan. 10, 1951, added par. Eleventh.
1934—Act June 21, 1934, substituted "by the carrier or carriers" for "by the carriers" in par. Second, generally amended pars. Third, Fourth, and Fifth, and added pars. Sixth to Tenth.

CHANGE OF NAME

Act June 25, 1948, eff. Sept. 1, 1948, substituted "United States attorney" for "district attorney of the United States". See section 541 of Title 28, Judiciary and Judicial Procedure, and Historical and Revision Notes thereunder.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 153, 157 of this title; title 29 section 2101.

§ 153. National Railroad Adjustment Board

First. Establishment; composition; powers and duties; divisions; hearings and awards; judicial review

There is established a Board, to be known as the "National Railroad Adjustment Board", the members of which shall be selected within thirty days after June 21, 1934, and it is provided—

(a) That the said Adjustment Board shall consist of thirty-four members, seventeen of whom shall be selected by the carriers and seventeen by such labor organizations of the employees, national in scope, as have been or may be organized in accordance with the provisions of sections 151a and 152 of this title.

(b) The carriers, acting each through its board of directors or its receiver or receivers, trustee or trustees, or through an officer or officers designated for that purpose by such board, trustee or trustees, or receiver or receivers, shall prescribe the rules under which its representatives shall be selected and shall select the representatives of the carriers on the Adjustment Board and designate the division on which each such representative shall serve, but no carrier or system of carriers shall have more than one voting representative on any division of the Board.

(c) Except as provided in the second paragraph of subsection (h) of this section, the national labor organizations, as defined in paragraph (a) of this section, acting each through the chief executive or other medium designated by the organization or association thereof, shall prescribe the rules under which the labor members of the Adjustment Board shall be selected and shall select such members and designate the division on which each member shall serve; but no labor organization shall have more than one voting representative on any division of the Board.

(d) In case of a permanent or temporary vacancy on the Adjustment Board, the vacancy shall be filled by selection in the same manner as in the original selection.

(e) If either the carriers or the labor organizations of the employees fail to select and des-

### Sixth. Conference of representatives; time; place; private agreements

In case of a dispute between a carrier or carriers and its or their employees, arising out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, it shall be the duty of the designated representative or representatives of such carrier or carriers and of such employees, within ten days after the receipt of notice of a desire on the part of either party to confer in respect to such dispute, to specify a time and place at which such conference shall be held: *Provided,* (1) That the place so specified shall be situated upon the line of the carrier involved or as otherwise mutually agreed upon; and (2) that the time so specified shall allow the designated conferees reasonable opportunity to reach such place of conference, but shall not exceed twenty days from the receipt of such notice: *And provided further,* That nothing in this chapter shall be construed to supersede the provisions of any agreement (as to conferences) then in effect between the parties.

### Seventh. Change in pay, rules, or working conditions contrary to agreement or to section 156 forbidden

No carrier, its officers, or agents shall change the rates of pay, rules, or working conditions of its employees, as a class, as embodied in agreements except in the manner prescribed in such agreements or in section 156 of this title.

### Eighth. Notices of manner of settlement of disputes; posting

Every carrier shall notify its employees by printed notices in such form and posted at such times and places as shall be specified by the Mediation Board that all disputes between the carrier and its employees will be handled in accordance with the requirements of this chapter, and in such notices there shall be printed verbatim, in large type, the third, fourth, and fifth paragraphs of this section. The provisions of said paragraphs are made a part of the contract of employment between the carrier and each employee, and shall be held binding upon the parties, regardless of any other express or implied agreements between them.

### Ninth. Disputes as to identity of representatives; designation by Mediation Board; secret elections

If any dispute shall arise among a carrier's employees as to who are the representatives of such employees designated and authorized in accordance with the requirements of this chapter, it shall be the duty of the Mediation Board, upon request of either party to the dispute, to investigate such dispute and to certify to both parties, in writing, within thirty days after the receipt of the invocation of its services, the name or names of the individuals or organizations that have been designated and authorized to represent the employees involved in the dispute, and certify the same to the carrier. Upon receipt of such certification the carrier shall treat with the representative so certified as the representative of the craft or class for the purposes of this chapter. In such an investigation, the Mediation Board shall be authorized to take a secret ballot of the employees involved, or to utilize any other appropriate method of ascertaining the names of their duly designated and authorized representatives in such manner as shall insure the choice of representatives by the employees without interference, influence, or coercion exercised by the carrier. In the conduct of any election for the purposes herein indicated the Board shall designate who may participate in the election and establish the rules to govern the election, or may appoint a committee of three neutral persons who after hearing shall within ten days designate the employees who may participate in the election. The Board shall have access to and have power to make copies of the books and records of the carriers to obtain and utilize such information as may be deemed necessary by it to carry out the purposes and provisions of this paragraph.

### Tenth. Violations; prosecution and penalties

The willful failure or refusal of any carrier, its officers or agents, to comply with the terms of the third, fourth, fifth, seventh, or eighth paragraph of this section shall be a misdemeanor, and upon conviction thereof the carrier, officer, or agent offending shall be subject to a fine of not less than $1,000, nor more than $20,000, or imprisonment for not more than six months, or both fine and imprisonment, for each offense, and each day during which such carrier, officer, or agent shall willfully fail or refuse to comply with the terms of the said paragraphs of this section shall constitute a separate offense. It shall be the duty of any United States attorney to whom any duly designated representative of a carrier's employees may apply to institute in the proper court and to prosecute under the direction of the Attorney General of the United States, all necessary proceedings for the enforcement of the provisions of this section, and for the punishment of all violations thereof and the costs and expenses of such prosecution shall be paid out of the appropriation for the expenses of the courts of the United States: *Provided,* That nothing in this chapter shall be construed to require an individual employee to render labor or service without his consent, nor shall anything in this chapter be construed to make the quitting of his labor by an individual employee an illegal act; nor shall any court issue any process to compel the performance by an individual employee of such labor or service, without his consent.

### Eleventh. Union security agreements; check-off

Notwithstanding any other provisions of this chapter, or of any other statute or law of the United States, or Territory thereof, or of any State, any carrier or carriers as defined in this chapter and a labor organization or labor organizations duly designated and authorized to represent employees in accordance with the requirements of this chapter shall be permitted—

(a) to make agreements, requiring, as a condition of continued employment, that within sixty days following the beginning of such employment, or the effective date of such agreements, whichever is the later, all employees shall become members of the labor organization representing their craft or class: *Provided,* That no such agreement shall require such

ignate representatives to the Adjustment Board, as provided in paragraphs (b) and (c) of this section, respectively, within sixty days after June 21, 1934, in case of any original appointment to office of a member of the Adjustment Board, or in case of a vacancy in any such office within thirty days after such vacancy occurs, the Mediation Board shall thereupon directly make the appointment and shall select an individual associated in interest with the carriers or the group of labor organizations of employees, whichever he is to represent.

(f) In the event a dispute arises as to the right of any national labor organization to participate as per paragraph (c) of this section in the selection and designation of the labor members of the Adjustment Board, the Secretary of Labor shall investigate the claim of such labor organization to participate, and if such claim in the judgment of the Secretary of Labor has merit, the Secretary shall notify the Mediation Board accordingly, and within ten days after receipt of such advice the Mediation Board shall request those national labor organizations duly qualified as per paragraph (c) of this section to participate in the selection and designation of the labor members of the Adjustment Board to select a representative. Such representative, together with a representative likewise designated by the claimant, and a third or neutral party designated by the Mediation Board, constituting a board of three, shall within thirty days after the appointment of the neutral member, investigate the claims of the labor organization desiring participation and decide whether or not it was organized in accordance with sections 151a and 152 of this title and is otherwise properly qualified to participate in the selection of the labor members of the Adjustment Board, and the findings of such boards of three shall be final and binding.

(g) Each member of the Adjustment Board shall be compensated by the party or parties he is to represent. Each third or neutral party selected under the provisions of paragraph (f) of this section shall receive from the Mediation Board such compensation as the Mediation Board may fix, together with his necessary traveling expenses and expenses actually incurred for subsistence, or per diem allowance in lieu thereof, subject to the provisions of law applicable thereto, while serving as such third or neutral party.

(h) The said Adjustment Board shall be composed of four divisions, whose proceedings shall be independent of one another, and the said divisions as well as the number of their members shall be as follows:

First division: To have jurisdiction over disputes involving train- and yard-service employees of carriers; that is, engineers, firemen, hostlers, and outside hostler helpers, conductors, trainmen, and yard-service employees. This division shall consist of eight members, four of whom shall be selected and designated by the carriers and four of whom shall be selected and designated by the labor organizations, national in scope and organized in accordance with sections 151a and 152 of this title and which represent employees in engine, train, yard, or hostling service: *Provided, however,* That each

labor organization shall select and designate two members on the First Division and that no labor organization shall have more than one vote in any proceedings of the First Division or in the adoption of any award with respect to any dispute submitted to the First Division: *Provided further, however,* That the carrier members of the First Division shall cast no more than two votes in any proceedings of the division or in the adoption of any award with respect to any dispute submitted to the First Division.

Second division: To have jurisdiction over disputes involving machinists, boilermakers, blacksmiths, sheet-metal workers, electrical workers, carmen, the helpers and apprentices of all the foregoing, coach cleaners, power-house employees, and railroad-shop laborers. This division shall consist of ten members, five of whom shall be selected by the carriers and five by the national labor organizations of the employees.

Third division: To have jurisdiction over disputes involving station, tower, and telegraph employees, train dispatchers, maintenance-of-way men, clerical employees, freight handlers, express, station, and store employees, signal men, sleeping-car conductors, sleeping-car porters, and maids and dining-car employees. This division shall consist of ten members, five of whom shall be selected by the carriers and five by the national labor organizations of employees.

Fourth division: To have jurisdiction over disputes involving employees of carriers directly or indirectly engaged in transportation of passengers or property by water, and all other employees of carriers over which jurisdiction is not given to the first, second, and third divisions. This division shall consist of six members, three of whom shall be selected by the carriers and three by the national labor organizations of the employees.

(i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes.

(j) Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them.

(k) Any division of the Adjustment Board shall have authority to empower two or more of its members to conduct hearings and make findings upon disputes, when properly submitted, at any place designated by the division: *Provided, however,* That except as provided in paragraph (h) of this section, final awards as to any such dispute must be made by the entire division as hereinafter provided.

(*l*) Upon failure of any division to agree upon an award because of a deadlock or inability to secure a majority vote of the division members, as provided in paragraph (n) of this section, then such division shall forthwith agree upon and select a neutral person, to be known as "referee", to sit with the division as a member thereof, and make an award. Should the division fail to agree upon and select a referee within ten days of the date of the deadlock or inability to secure a majority vote, then the division, or any member thereof, or the parties or either party to the dispute may certify that fact to the Mediation Board, which Board shall, within ten days from the date of receiving such certificate, select and name the referee to sit with the division as a member thereof and make an award. The Mediation Board shall be bound by the same provisions in the appointment of these neutral referees as are provided elsewhere in this chapter for the appointment of arbitrators and shall fix and pay the compensation of such referees.

(m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute. In case a dispute arises involving an interpretation of the award, the division of the board upon request of either party shall interpret the award in the light of the dispute.

(n) A majority vote of all members of the division of the Adjustment Board eligible to vote shall be competent to make an award with respect to any dispute submitted to it.

(*o*) In case of an award by any division of the Adjustment Board in favor of petitioner, the division of the Board shall make an order, directed to the carrier, to make the award effective and, if the award includes a requirement for the payment of money, to pay to the employee the sum to which he is entitled under the award on or before a day named. In the event any division determines that an award favorable to the petitioner should not be made in any dispute referred to it, the division shall make an order to the petitioner stating such determination.

(p) If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be conclusive on the parties, and except that the petitioner shall not be liable for costs in the district court nor for costs at any subsequent stage of the proceedings, unless they accrue upon his appeal, and such costs shall be paid out of the appropriation for the expenses of the courts of the United States. If the petitioner shall finally prevail he shall be al-

lowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit. The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board: *Provided, however*, That such order may not be set aside except for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

(q) If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order. A copy of the petition shall be forthwith transmitted by the clerk of the court to the Adjustment Board. The Adjustment Board shall file in the court the record of the proceedings on which it based its action. The court shall have jurisdiction to affirm the order of the division, or to set it aside, in whole or in part, or it may remand the proceedings to the division for such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. The judgment of the court shall be subject to review as provided in sections 1291 and 1254 of title 28.

(r) All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after.

(s) The several divisions of the Adjustment Board shall maintain headquarters in Chicago, Illinois, meet regularly, and continue in session so long as there is pending before the division any matter within its jurisdiction which has been submitted for its consideration and which has not been disposed of.

(t) Whenever practicable, the several divisions or subdivisions of the Adjustment Board shall be supplied with suitable quarters in any Federal building located at its place of meeting.

(u) The Adjustment Board may, subject to the approval of the Mediation Board, employ and fix the compensations of such assistants as it deems necessary in carrying on its proceedings. The compensation of such employees shall be paid by the Mediation Board.

(v) The Adjustment Board shall meet within forty days after June 21, 1934, and adopt such rules as it deems necessary to control proceed-

ings before the respective divisions and not in conflict with the provisions of this section. Immediately following the meeting of the entire Board and the adoption of such rules, the respective divisions shall meet and organize by the selection of a chairman, a vice chairman, and a secretary. Thereafter each division shall annually designate one of its members to act as chairman and one of its members to act as vice chairman: *Provided, however*, That the chairmanship and vice-chairmanship of any division shall alternate as between the groups, so that both the chairmanship and vice-chairmanship shall be held alternately by a representative of the carriers and a representative of the employees. In case of a vacancy, such vacancy shall be filled for the unexpired term by the selection of a successor from the same group.

(w) Each division of the Adjustment Board shall annually prepare and submit a report of its activities to the Mediation Board, and the substance of such report shall be included in the annual report of the Mediation Board to the Congress of the United States. The reports of each division of the Adjustment Board and the annual report of the Mediation Board shall state in detail all cases heard, all actions taken, the names, salaries, and duties of all agencies, employees, and officers receiving compensation from the United States under the authority of this chapter, and an account of all moneys appropriated by Congress pursuant to the authority conferred by this chapter and disbursed by such agencies, employees, and officers.

(x) Any division of the Adjustment Board shall have authority, in its discretion, to establish regional adjustment boards to act in its place and stead for such limited period as such division may determine to be necessary. Carrier members of such regional boards shall be designated in keeping with rules devised for this purpose by the carrier members of the Adjustment Board and the labor members shall be designated in keeping with rules devised for this purpose by the labor members of the Adjustment Board. Any such regional board shall, during the time for which it is appointed, have the same authority to conduct hearings, make findings upon disputes and adopt the same procedure as the division of the Adjustment Board appointing it, and its decisions shall be enforceable to the same extent and under the same processes. A neutral person, as referee, shall be appointed for service in connection with any such regional adjustment board in the same circumstances and manner as provided in paragraph (*l*) of this section, with respect to a division of the Adjustment Board.

**Second. System, group, or regional boards: establishment by voluntary agreement; special adjustment boards: establishment, composition, designation of representatives by Mediation Board, neutral member, compensation, quorum, finality and enforcement of awards**

Nothing in this section shall be construed to prevent any individual carrier, system, or group of carriers and any class or classes of its or their employees, all acting through their representatives, selected in accordance with the provisions of this chapter, from mutually agreeing to the establishment of system, group, or regional boards of adjustment for the purpose of adjusting and deciding disputes of the character specified in this section. In the event that either party to such a system, group, or regional board of adjustment is dissatisfied with such arrangement, it may upon ninety days' notice to the other party elect to come under the jurisdiction of the Adjustment Board.

If written request is made upon any individual carrier by the representative of any craft or class of employees of such carrier for the establishment of a special board of adjustment to resolve disputes otherwise referable to the Adjustment Board, or any dispute which has been pending before the Adjustment Board for twelve months from the date the dispute (claim) is received by the Board, or if any carrier makes such a request upon any such representative, the carrier or the representative upon whom such request is made shall join in an agreement establishing such a board within thirty days from the date such request is made. The cases which may be considered by such board shall be defined in the agreement establishing it. Such board shall consist of one person designated by the carrier and one person designated by the representative of the employees. If such carrier or such representative fails to agree upon the establishment of such a board as provided herein, or to exercise its rights to designate a member of the board, the carrier or representative making the request for the establishment of the special board may request the Mediation Board to designate a member of the special board on behalf of the carrier or representative upon whom such request was made. Upon receipt of a request for such designation the Mediation Board shall promptly make such designation and shall select an individual associated in interest with the carrier or representative he is to represent, who, with the member appointed by the carrier or representative requesting the establishment of the special board, shall constitute the board. Each member of the board shall be compensated by the party he is to represent. The members of the board so designated shall determine all matters not previously agreed upon by the carrier and the representative of the employees with respect to the establishment and jurisdiction of the board. If they are unable to agree such matters shall be determined by a neutral member of the board selected or appointed and compensated in the same manner as is hereinafter provided with respect to situations where the members of the board are unable to agree upon an award. Such neutral member shall cease to be a member of the board when he has determined such matters. If with respect to any dispute or group of disputes the members of the board designated by the carrier and the representative are unable to agree upon an award disposing of the dispute or group of disputes they shall by mutual agreement select a neutral person to be a member of the board for the consideration and disposition of such dispute or group of disputes. In the event the members of the board designated by the parties are unable, within ten days after their failure to agree upon an award, to agree upon the selection of such neutral person, either member of the board may

request the Mediation Board to appoint such neutral person and upon receipt of such request the Mediation Board shall promptly make such appointment. The neutral person so selected or appointed shall be compensated and reimbursed for expenses by the Mediation Board. Any two members of the board shall be competent to render an award. Such awards shall be final and binding upon both parties to the dispute and if in favor of the petitioner, shall direct the other party to comply therewith on or before the day named. Compliance with such awards shall be enforcible by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the Adjustment Board.

(May 20, 1926, ch. 347, §3, 44 Stat. 578; June 21, 1934, ch. 691, §3, 48 Stat. 1189; June 20, 1966, Pub. L. 89–456, §§1, 2, 80 Stat. 208, 209; Apr. 23, 1970, Pub. L. 91–234, §§1–6, 84 Stat. 199, 200.)

#### AMENDMENTS

1970—Par. First, (a). Pub. L. 91–234, §1, substituted "thirty-four members, seventeen of whom shall be selected by the carriers and seventeen" for "thirty-six members, eighteen of whom shall be selected by the carriers and eighteen".

Par. First, (b). Pub. L. 91–234, §2, provided that no carrier or system of carriers have more than one voting representative on any division of the National Railroad Adjustment Board.

Par. First, (c). Pub. L. 91–234, §3, inserted "Except as provided in the second paragraph of subsection (h) of this section" before "the national labor organizations", and provided that no labor organization have more than one voting representative on any division of the National Railroad Adjustment Board.

Par. First, (h). Pub. L. 91–234, §4, decreased number of members on First division of Board from ten to eight members, with an accompanying decrease of five to four as number of members of such Board elected respectively by the carriers and by the national labor organizations satisfying the enumerated requirements, and set forth provisos which limited voting by each labor organization or carrier member in any proceedings of the division or in adoption of any award.

Par. First, (k). Pub. L. 91–234, §5, inserted "except as provided in paragraph (h) of this section" after proviso.

Par. First, (n). Pub. L. 91–234, §6, inserted "eligible to vote" after "Adjustment Board".

1966—Par. First, (m). Pub. L. 89–456, §2(a), struck out ", except insofar as they shall contain a money award" from second sentence.

Par. First, (o). Pub. L. 89–456, §2(b), inserted provision for a division to make an order to the petitioner stating that an award favorable to the petitioner should not be made in any dispute referred to it.

Par. First, (p). Pub. L. 89–456, §2(c), (d), substituted in second sentence "conclusive on the parties" for "prima facie evidence of the facts therein stated" and inserted in last sentence reasons for setting aside orders of a division of the Adjustment Board, respectively.

Par. First, (q) to (x). Pub. L. 89–456, §2(e), added par. (q) and redesignated former pars. (q) to (w) as (r) to (x), respectively.

Par. Second. Pub. L. 89–456, §1, provided for establishment of special adjustment boards upon request of employees or carriers to resolve disputes otherwise referable to the Adjustment Board and made awards of such boards final.

1934—Act June 21, 1934, amended provisions comprising this section generally.

#### FEDERAL RULES OF CIVIL PROCEDURE

Costs, see rule 54 and notes of Advisory Committee under the Rule, Title 28, Appendix, Judiciary and Judicial Procedure.

Federal Rules of Civil Procedure as governing the procedure in all suits of a civil nature whether cognizable as cases at law or in equity, see rule 1.

Mandamus as abolished but relief yet available by appropriate action or motion under Federal Rules of Civil Procedure, see rule 81 and Notes of Advisory Committee under the rule.

One form of action, see rule 2.

Pleadings allowed, see rule 7.

#### SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 154, 157, 181, 182, 184, 185, 441, 588, 797c, 797h, 797m of this title.

### §154. National Mediation Board

#### First. Board of Mediation abolished; National Mediation Board established; composition; term of office; qualifications; salaries; removal

The Board of Mediation is abolished, effective thirty days from June 21, 1934, and the members, secretary, officers, assistants, employees, and agents thereof, in office upon June 21, 1934, shall continue to function and receive their salaries for a period of thirty days from such date in the same manner as though this chapter had not been passed. There is established, as an independent agency in the executive branch of the Government, a board to be known as the "National Mediation Board", to be composed of three members appointed by the President, by and with the advice and consent of the Senate, not more than two of whom shall be of the same political party. Each member of the Mediation Board in office on January 1, 1965, shall be deemed to have been appointed for a term of office which shall expire on July 1 of the year his term would have otherwise expired. The terms of office of all successors shall expire three years after the expiration of the terms for which their predecessors were appointed; but any member appointed to fill a vacancy occurring prior to the expiration of the term for which his predecessor was appointed shall be appointed only for the unexpired term of his predecessor. Vacancies in the Board shall not impair the powers nor affect the duties of the Board nor of the remaining members of the Board. Two of the members in office shall constitute a quorum for the transaction of the business of the Board. Each member of the Board shall receive necessary traveling and subsistence expenses, or per diem allowance in lieu thereof, subject to the provisions of law applicable thereto, while away from the principal office of the Board on business required by this chapter. No person in the employment of or who is pecuniarily or otherwise interested in any organization of employees or any carrier shall enter upon the duties of or continue to be a member of the Board. Upon the expiration of his term of office a member shall continue to serve until his successor is appointed and shall have qualified.

All cases referred to the Board of Mediation and unsettled on June 21, 1934, shall be handled to conclusion by the Mediation Board.

A member of the Board may be removed by the President for inefficiency, neglect of duty, malfeasance in office, or ineligibility, but for no other cause.

**Second. Chairman; principal office; delegation of powers; oaths; seal; report**

The Mediation Board shall annually designate a member to act as chairman. The Board shall maintain its principal office in the District of Columbia, but it may meet at any other place whenever it deems it necessary so to do. The Board may designate one or more of its members to exercise the functions of the Board in mediation proceedings. Each member of the Board shall have power to administer oaths and affirmations. The Board shall have a seal which shall be judicially noticed. The Board shall make an annual report to Congress.

**Third. Appointment of experts and other employees; salaries of employees; expenditures**

The Mediation Board may (1) subject to the provisions of the civil service laws, appoint such experts and assistants to act in a confidential capacity and such other officers and employees as are essential to the effective transaction of the work of the Board; (2) in accordance with chapter 51 and subchapter III of chapter 53 of title 5, fix the salaries of such experts, assistants, officers, and employees; and (3) make such expenditures (including expenditures for rent and personal services at the seat of government and elsewhere, for law books, periodicals, and books of reference, and for printing and binding, and including expenditures for salaries and compensation, necessary traveling expenses and expenses actually incurred for subsistence, and other necessary expenses of the Mediation Board, Adjustment Board, Regional Adjustment Boards established under paragraph (w) of section 153 of this title, and boards of arbitration, in accordance with the provisions of this section and sections 153 and 157 of this title, respectively), as may be necessary for the execution of the functions vested in the Board, in the Adjustment Board and in the boards of arbitration, and as may be provided for by the Congress from time to time. All expenditures of the Board shall be allowed and paid on the presentation of itemized vouchers therefor approved by the chairman.

**Fourth. Delegation of powers and duties**

The Mediation Board is authorized by its order to assign, or refer, any portion of its work, business, or functions arising under this chapter or any other Act of Congress, or referred to it by Congress or either branch thereof, to an individual member of the Board or to an employee or employees of the Board to be designated by such order for action thereon, and by its order at any time to amend, modify, supplement, or rescind any such assignment or reference. All such orders shall take effect forthwith and remain in effect until otherwise ordered by the Board. In conformity with and subject to the order or orders of the Mediation Board in the premises, [and] such individual member of the Board or employee designated shall have power and authority to act as to any of said work, business, or functions so assigned or referred to him for action by the Board.

**Fifth. Transfer of officers and employees of Board of Mediation; transfer of appropriation**

All officers and employees of the Board of Mediation (except the members thereof, whose offices are abolished) whose services in the judgment of the Mediation Board are necessary to the efficient operation of the Board are transferred to the Board, without change in classification or compensation; except that the Board may provide for the adjustment of such classification or compensation to conform to the duties to which such officers and employees may be assigned.

All unexpended appropriations for the operation of the Board of Mediation that are available at the time of the abolition of the Board of Mediation shall be transferred to the Mediation Board and shall be available for its use for salaries and other authorized expenditures.

(May 20, 1926, ch. 347, §4, 44 Stat. 579; June 21, 1934, ch. 691, §4, 48 Stat. 1193; Oct. 28, 1949, ch. 782, title XI, §1106(a), 63 Stat. 972; Aug. 31, 1964, Pub. L. 88–542, 78 Stat. 748.)

REFERENCES IN TEXT

The civil service laws, referred to in par. Third, are set forth in Title 5, Government Organization and Employees. See, particularly, section 3301 et seq. of Title 5.

CODIFICATION

In par. First, provisions that prescribed the basis compensation of members of the Board were omitted to conform to the provisions of the Executive Schedule. See sections 5314 and 5315 of Title 5, Government Organization and Employees.

In par. Third, "subject to the provisions of the civil service laws, appoint such experts and assistants to act in a confidential capacity and such other officers and employees" substituted for "appoint such experts and assistants to act in a confidential capacity and, subject to the provisions of the civil-service laws, such other officers and employees". All such appointments are now subject to the civil service laws unless specifically excepted by such laws or by laws enacted subsequent to Executive Order 8743, Apr. 23, 1941, issued by the President pursuant to the Act of Nov. 26, 1940, ch. 919, title I, §1, 54 Stat. 1211, which covered most excepted positions into the classified (competitive) civil service. The Order is set out as a note under section 3301 of Title 5.

In par. Third, "chapter 51 and subchapter III of chapter 53 of title 5" substituted for "the Classification Act of 1949, as amended" on authority of Pub. L. 89–554, §7(b), Sept. 6, 1966, 80 Stat. 631, the first section of which enacted Title 5.

AMENDMENTS

1964—Par. First. Pub. L. 88–542 inserted sentences providing that each member of the Board in office on Jan. 1, 1965, shall be deemed to have been appointed for a term of office which shall expire on July 1 of the year his term would have otherwise expired, and that upon the expiration of his term of office a member shall continue to serve until his successor is appointed and shall have qualified, and struck out provisions which related to terms of office of members first appointed.

1949—Par. First. Act Oct. 15, 1949, increased basic rate of compensation for members of the board to $15,000 per year.

Par. Third. Act Oct. 28, 1949, substituted "Classification Act of 1949" for "Classification Act of 1923".

1934—Act June 21, 1934, amended section generally.

REPEALS

Act Oct. 28, 1949, ch. 782, cited as a credit to this section, was repealed (subject to a savings clause) by Pub. L. 89–554, Sept. 6, 1966, § 8, 80 Stat. 632, 655.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in section 157 of this title.

## § 155. Functions of Mediation Board

### First. Disputes within jurisdiction of Mediation Board

The parties, or either party, to a dispute between an employee or group of employees and a carrier may invoke the services of the Mediation Board in any of the following cases:

(a) A dispute concerning changes in rates of pay, rules, or working conditions not adjusted by the parties in conference.

(b) Any other dispute not referable to the National Railroad Adjustment Board and not adjusted in conference between the parties or where conferences are refused.

The Mediation Board may proffer its services in case any labor emergency is found by it to exist at any time.

In either event the said Board shall promptly put itself in communication with the parties to such controversy, and shall use its best efforts, by mediation, to bring them to agreement. If such efforts to bring about an amicable settlement through mediation shall be unsuccessful, the said Board shall at once endeavor as its final required action (except as provided in paragraph third of this section and in section 160 of this title) to induce the parties to submit their controversy to arbitration, in accordance with the provisions of this chapter.

If arbitration at the request of the Board shall be refused by one or both parties, the Board shall at once notify both parties in writing that its mediatory efforts have failed and for thirty days thereafter, unless in the intervening period the parties agree to arbitration, or an emergency board shall be created under section 160 of this title, no change shall be made in the rates of pay, rules, or working conditions or established practices in effect prior to the time the dispute arose.

### Second. Interpretation of agreement

In any case in which a controversy arises over the meaning or the application of any agreement reached through mediation under the provisions of this chapter, either party to the said agreement, or both, may apply to the Mediation Board for an interpretation of the meaning or application of such agreement. The said Board shall upon receipt of such request notify the parties to the controversy, and after a hearing of both sides give its interpretation within thirty days.

### Third. Duties of Board with respect to arbitration of disputes; arbitrators; acknowledgment of agreement; notice to arbitrators; reconvening of arbitrators; filing contracts with Board; custody of records and documents

The Mediation Board shall have the following duties with respect to the arbitration of disputes under section 157 of this title:

(a) On failure of the arbitrators named by the parties to agree on the remaining arbitrator or arbitrators within the time set by section 157 of this title, it shall be the duty of the Mediation Board to name such remaining arbitrator or arbitrators. It shall be the duty of the Board in naming such arbitrator or arbitrators to appoint only those whom the Board shall deem wholly disinterested in the controversy to be arbitrated and impartial and without bias as between the parties to such arbitration. Should, however, the Board name an arbitrator or arbitrators not so disinterested and impartial, then, upon proper investigation and presentation of the facts, the Board shall promptly remove such arbitrator.

If an arbitrator named by the Mediation Board, in accordance with the provisions of this chapter, shall be removed by such Board as provided by this chapter, or if such an arbitrator refuses or is unable to serve, it shall be the duty of the Mediation Board, promptly, to select another arbitrator, in the same manner as provided in this chapter for an original appointment by the Mediation Board.

(b) Any member of the Mediation Board is authorized to take the acknowledgement of an agreement to arbitrate under this chapter. When so acknowledged, or when acknowledged by the parties before a notary public or the clerk of a district court or a court of appeals of the United States, such agreement to arbitrate shall be delivered to a member of said Board or transmitted to said Board, to be filed in its office.

(c) When an agreement to arbitrate has been filed with the Mediation Board, or with one of its members, as provided by this section, and when the said Board has been furnished the names of the arbitrators chosen by the parties to the controversy it shall be the duty of the Board to cause a notice in writing to be served upon said arbitrators, notifying them of their appointment, requesting them to meet promptly to name the remaining arbitrator or arbitrators necessary to complete the Board of Arbitration, and advising them of the period within which, as provided by the agreement to arbitrate, they are empowered to name such arbitrator or arbitrators.

(d) Either party to an arbitration desiring the reconvening of a board of arbitration to pass upon any controversy arising over the meaning or application of an award may so notify the Mediation Board in writing, stating in such notice the question or questions to be submitted to such reconvened Board. The Mediation Board shall thereupon promptly communicate with the members of the Board of Arbitration, or a subcommittee of such Board appointed for such purpose pursuant to a provision in the agreement to arbitrate, and arrange for the reconvening of said Board of Arbitration or subcommittee, and shall notify the respective parties to the controversy of the time and place at which the Board, or the subcommittee, will meet for hearings upon the matters in controversy to be submitted to it. No evidence other than that contained in the record filed with the original award shall be received or considered by such reconvened Board or subcommittee, except such evidence as may be necessary to illustrate the interpretations suggested by the parties. If any

member of the original Board is unable or unwilling to serve on such reconvened Board or subcommittee thereof, another arbitrator shall be named in the same manner and with the same powers and duties as such original arbitrator.

(e) Within sixty days after June 21, 1934, every carrier shall file with the Mediation Board a copy of each contract with its employees in effect on the 1st day of April 1934, covering rates of pay, rules, and working conditions. If no contract with any craft or class of its employees has been entered into, the carrier shall file with the Mediation Board a statement of that fact, including also a statement of the rates of pay, rules, and working conditions applicable in dealing with such craft or class. When any new contract is executed or change is made in an existing contract with any class or craft of its employees covering rates of pay, rules, or working conditions, or in those rates of pay, rules, and working conditions of employees not covered by contract, the carrier shall file the same with the Mediation Board within thirty days after such new contract or change in existing contract has been executed or rates of pay, rules, and working conditions have been made effective.

(f) The Mediation Board shall be the custodian of all papers and documents heretofore filed with or transferred to the Board of Mediation bearing upon the settlement, adjustment, or determination of disputes between carriers and their employees or upon mediation or arbitration proceedings held under or pursuant to the provisions of any Act of Congress in respect thereto; and the President is authorized to designate a custodian of the records and property of the Board of Mediation until the transfer and delivery of such records to the Mediation Board and to require the transfer and delivery to the Mediation Board of any and all such papers and documents filed with it or in its possession.

(May 20, 1926, ch. 347, §5, 44 Stat. 580; June 21, 1934, ch. 691, §5, 48 Stat. 1195; June 25, 1948, ch. 646, §32(a), 62 Stat. 991; May 24, 1949, ch. 139, §127, 63 Stat. 107.)

CODIFICATION

As originally enacted, par. Third (b) contained a reference to the "circuit court of appeals". Act June 25, 1948, as amended by act May 24, 1949 substituted "court of appeals" for "circuit court of appeals".

AMENDMENTS

1934—Act June 21, 1934, amended generally par. First and par. Second, (e) and (f).

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 156, 157, 183 of this title.

## §156. Procedure in changing rates of pay, rules, and working conditions

Carriers and representatives of the employees shall give at least thirty days' written notice of an intended change in agreements affecting rates of pay, rules, or working conditions, and the time and place for the beginning of conference between the representatives of the parties interested in such intended changes shall be agreed upon within ten days after the receipt of said notice, and said time shall be within the thirty days provided in the notice. In every case where such notice of intended change has been given, or conferences are being held with reference thereto, or the services of the Mediation Board have been requested by either party, or said Board has proffered its services, rates of pay, rules, or working conditions shall not be altered by the carrier until the controversy has been finally acted upon, as required by section 155 of this title, by the Mediation Board, unless a period of ten days has elapsed after termination of conferences without request for or proffer of the services of the Mediation Board.

(May 20, 1926, ch. 347, §6, 44 Stat. 582; June 21, 1934, ch. 691, §6, 48 Stat. 1197.)

AMENDMENTS

1934—Act June 21, 1934, inserted "in agreements" after "intended change" in text, struck out provision formerly contained in text concerning changes requested by more than one class, and substituted "Mediation Board" for "Board of Mediation" wherever appearing.

WAGE AND SALARY ADJUSTMENTS

Ex. Ord. No. 9299, eff. Feb. 4, 1943, 8 F.R. 1669, provided procedure with respect to wage and salary adjustments for employees subject to this chapter.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 152, 157, 726, 741, 797g, 1346 of this title; title 11 section 1167.

## §157. Arbitration

### First. Submission of controversy to arbitration

Whenever a controversy shall arise between a carrier or carriers and its or their employees which is not settled either in conference between representatives of the parties or by the appropriate adjustment board or through mediation, in the manner provided in sections 151—156 of this title such controversy may, by agreement of the parties to such controversy, be submitted to the arbitration of a board of three (or, if the parties to the controversy so stipulate, of six) persons: *Provided, however,* That the failure or refusal of either party to submit a controversy to arbitration shall not be construed as a violation of any legal obligation imposed upon such party by the terms of this chapter or otherwise.

### Second. Manner of selecting board of arbitration

Such board of arbitration shall be chosen in the following manner:

(a) In the case of a board of three the carrier or carriers and the representatives of the employees, parties respectively to the agreement to arbitrate, shall each name one arbitrator; the two arbitrators thus chosen shall select a third arbitrator. If the arbitrators chosen by the parties shall fail to name the third arbitrator within five days after their first meeting, such third arbitrator shall be named by the Mediation Board.

(b) In the case of a board of six the carrier or carriers and the representatives of the employees, parties respectively to the agreement to arbitrate, shall each name two arbitrators; the four arbitrators thus chosen shall, by a majority vote, select the remaining two arbitrators. If

the arbitrators chosen by the parties shall fail to name the two arbitrators within fifteen days after their first meeting, the said two arbitrators, or as many of them as have not been named, shall be named by the Mediation Board.

**Third. Board of arbitration; organization; compensation; procedure**

### (a) Notice of selection or failure to select arbitrators

When the arbitrators selected by the respective parties have agreed upon the remaining arbitrator or arbitrators, they shall notify the Mediation Board; and, in the event of their failure to agree upon any or upon all of the necessary arbitrators within the period fixed by this chapter, they shall, at the expiration of such period, notify the Mediation Board of the arbitrators selected, if any, or of their failure to make or to complete such selection.

### (b) Organization of board; procedure

The board of arbitration shall organize and select its own chairman and make all necessary rules for conducting its hearings: *Provided, however,* That the board of arbitration shall be bound to give the parties to the controversy a full and fair hearing, which shall include an opportunity to present evidence in support of their claims, and an opportunity to present their case in person, by counsel, or by other representative as they may respectively elect.

### (c) Duty to reconvene; questions considered

Upon notice from the Mediation Board that the parties, or either party, to an arbitration desire the reconvening of the board of arbitration (or a subcommittee of such board of arbitration appointed for such purpose pursuant to the agreement to arbitrate) to pass upon any controversy over the meaning or application of their award, the board, or its subcommittee, shall at once reconvene. No question other than, or in addition to, the questions relating to the meaning or application of the award, submitted by the party or parties in writing, shall be considered by the reconvened board of arbitration or its subcommittee.

Such rulings shall be acknowledged by such board or subcommittee thereof in the same manner, and filed in the same district court clerk's office, as the original award and become a part thereof.

### (d) Competency of arbitrators

No arbitrator, except those chosen by the Mediation Board, shall be incompetent to act as an arbitrator because of his interest in the controversy to be arbitrated, or because of his connection with or partiality to either of the parties to the arbitration.

### (e) Compensation and expenses

Each member of any board of arbitration created under the provisions of this chapter named by either party to the arbitration shall be compensated by the party naming him. Each arbitrator selected by the arbitrators or named by the Mediation Board shall receive from the Mediation Board such compensation as the Mediation Board may fix, together with his necessary traveling expenses and expenses actually incurred for subsistence, while serving as an arbitrator.

### (f) Award; disposition of original and copies

The board of arbitration shall furnish a certified copy of its award to the respective parties to the controversy, and shall transmit the original, together with the papers and proceedings and a transcript of the evidence taken at the hearings, certified under the hands of at least a majority of the arbitrators, to the clerk of the district court of the United States for the district wherein the controversy arose or the arbitration is entered into, to be filed in said clerk's office as hereinafter provided. The said board shall also furnish a certified copy of its award, and the papers and proceedings, including testimony relating thereto, to the Mediation Board to be filed in its office; and in addition a certified copy of its award shall be filed in the office of the Interstate Commerce Commission: *Provided, however,* That such award shall not be construed to diminish or extinguish any of the powers or duties of the Interstate Commerce Commission, under subtitle IV of title 49.

### (g) Compensation of assistants to board of arbitration; expenses; quarters

A board of arbitration may, subject to the approval of the Mediation Board, employ and fix the compensation of such assistants as it deems necessary in carrying on the arbitration proceedings. The compensation of such employees, together with their necessary traveling expenses and expenses actually incurred for subsistence, while so employed, and the necessary expenses of boards of arbitration, shall be paid by the Mediation Board.

Whenever practicable, the board shall be supplied with suitable quarters in any Federal building located at its place of meeting or at any place where the board may conduct its proceedings or deliberations.

### (h) Testimony before board; oaths; attendance of witnesses; production of documents; subpoenas; fees

All testimony before said board shall be given under oath or affirmation, and any member of the board shall have the power to administer oaths or affirmations. The board of arbitration, or any member thereof, shall have the power to require the attendance of witnesses and the production of such books, papers, contracts, agreements, and documents as may be deemed by the board of arbitration material to a just determination of the matters submitted to its arbitration, and may for that purpose request the clerk of the district court of the United States for the district wherein said arbitration is being conducted to issue the necessary subpoenas, and upon such request the said clerk or his duly authorized deputy shall be, and he is, authorized, and it shall be his duty, to issue such subpoenas.

Any witness appearing before a board of arbitration shall receive the same fees and mileage as witnesses in courts of the United States, to be paid by the party securing the subpoena.

(May 20, 1926, ch. 347, §7, 44 Stat. 582; June 21, 1934, ch. 691, §7, 48 Stat. 1197; Oct. 15, 1970, Pub. L. 91–452, title II, §238, 84 Stat. 930.)

CODIFICATION

In par. Third (f), "subtitle IV of title 49" substituted for "the Interstate Commerce Act, as amended [49 U.S.C. 1 et seq.]" on authority of Pub. L. 95–473, §3(b), Oct. 17, 1978, 92 Stat. 1466, the first section of which enacted subtitle IV of Title 49, Transportation.

AMENDMENTS

1970—Par. Third, (h). Pub. L. 91–452 struck out provisions authorizing board to invoke aid of the United States courts to compel witnesses to attend and testify and to produce such books, papers, contracts, agreements, and documents to same extent and under same conditions and penalties as provided for in the Interstate Commerce Act.

1934—Act June 21, 1934, substituted "Mediation Board" for "Board of Mediation" wherever appearing.

EFFECTIVE DATE OF 1970 AMENDMENT

Amendment by Pub. L. 91–452 effective on sixtieth day following Oct. 15, 1970, and not to affect any immunity to which any individual is entitled under this section by reason of any testimony given before sixtieth day following Oct. 15, 1970, see section 260 of Pub. L. 91–452, set out as an Effective Date; Savings Provisions note under section 6001 of Title 18, Crimes and Criminal Procedure.

WORK RULES DISPUTE

Pub. L. 88–108, Aug. 28, 1963, 77 Stat. 132, provided:

"[SEC. 1. Settlement of disputes]. That no carrier which served the notices of November 2, 1959, and no labor organizations which received such notices or served the labor organization notices of September 7, 1960, shall make any change except by agreement, or pursuant to an arbitration award as hereinafter provided, in rates of pay, rules, or working conditions encompassed by any of such notices, or engage in any strike or lockout over any dispute arising from any of such notices. Any action heretofore taken which would be prohibited by the foregoing sentence shall be forthwith rescinded and the status existing immediately prior to such action restored.

"SEC. 2. [Arbitration board]. There is hereby established an arbitration board to consist of seven members. The representatives of the carrier and organization parties to the aforesaid dispute are hereby directed, respectively, within five days after the enactment hereof [Aug. 28, 1963] each to name two persons to serve as members of such arbitration board. The four members thus chosen shall select three additional members. The seven members shall then elect a chairman. If the members chosen by the parties shall fail to name one or more of the additional three members within ten days, such additional members shall be named by the President. If either party fails to name a member or members to the arbitration board within the five days provided, the President shall name such member or members in lieu of such party and shall also name the additional three members necessary to constitute a board of seven members, all within ten days after the date of enactment of this joint resolution [Aug. 28, 1963]. Notwithstanding any other provision of law, the National Mediation Board is authorized and directed: (1) to compensate the arbitrators not named by the parties at a rate not in excess of $100 for each day together with necessary travel and subsistence expenses, and (2) to provide such services and facilities as may be necessary and appropriate in carrying out the purposes of this joint resolution.

"SEC. 3. [Decision of board]. Promptly upon the completion of the naming of the arbitration board the Secretary of Labor shall furnish to the board and to the parties to the dispute copies of his statement to the parties of August 2, 1963, and the papers therewith submitted to the parties, together with memorandums and such other data as the board may request setting forth the matters with respect to which the parties were in tentative agreement and the extent of disagreement

with respect to matters on which the parties were not in tentative agreement. The arbitration board shall make a decision, pursuant to the procedures hereinafter set forth, as to what disposition shall be made of those portions of the carriers' notices of November 2, 1959, identified as 'Use of Firemen (Helpers) on Other Than Steam Power' and 'Consist of Road and Yard Crews' and that portion of the organizations' notices of September 7, 1960, identified as 'Minimum Safe Crew Consist' and implementing proposals pertaining thereto. The arbitration board shall incorporate in such decision any matters on which it finds the parties were in agreement, shall resolve the matters on which the parties were not in agreement, and shall, in making its award, give due consideration to those matters on which the parties were in tentative agreement. Such award shall be binding on both the carrier and organization parties to the dispute and shall constitute a complete and final disposition of the aforesaid issues covered by the decision of the board of arbitration.

"SEC. 4. [Award]. To the extent not inconsistent with this joint resolution the arbitration shall be conducted pursuant to sections 7 and 8 of the Railway Labor Act [this section and section 158 of this title], the board's award shall be made and filed as provided in said sections and shall be subject to section 9 of said Act [section 159 of this title]. The United States District Court for the District of Columbia is hereby designated as the court in which the award is to be filed, and the arbitration board shall report to the National Mediation Board in the same manner as arbitration boards functioning pursuant to the Railway Labor Act [this chapter]. The award shall continue in force for such period as the arbitration board shall determine in its award, but not to exceed two years from the date the award takes effect, unless the parties agree otherwise.

"SEC. 5. [Hearings]. The arbitration board shall begin its hearings thirty days after the enactment of this joint resolution [Aug. 28, 1963] or on such earlier date as the parties to the dispute and the board may agree upon and shall make and file its award not later than ninety days after the enactment of this joint resolution [Aug. 28, 1963]: Provided, however, That said award shall not become effective until sixty days after the filing of the award.

"SEC. 6. [Collective bargaining for issues not arbitrated]. The parties to the disputes arising from the aforesaid notices shall immediately resume collective bargaining with respect to all issues raised in the notices of November 2, 1959, and September 7, 1960, not to be disposed of by arbitration under section 3 of this joint resolution and shall exert every reasonable effort to resolve such issues by agreement. The Secretary of Labor and the National Mediation Board are hereby directed to give all reasonable assistance to the parties and to engage in mediatory action directed toward promoting such agreement.

"SEC. 7. [Considerations affecting award; enforcement.]

"(a) In making any award under this joint resolution the arbitration board established under section 2 shall give due consideration to the effect of the proposed award upon adequate and safe transportation service to the public and upon the interests of the carrier and employees affected, giving due consideration to the narrowing of the areas of disagreement which has been accomplished in bargaining and mediation.

"(b) The obligations imposed by this joint resolution, upon suit by the Attorney General, shall be enforcible through such orders as may be necessary by any court of the United States having jurisdiction of any of the parties.

"SEC. 8. [Expiration date]. This joint resolution shall expire one hundred and eighty days after the date of its enactment [Aug. 28, 1963], except that it shall remain in effect with respect to the last sentence of section 4 for the period prescribed in that sentence.

"SEC. 9. [Separability]. If any provision of this joint resolution or the application thereof is held invalid, the remainder of this joint resolution and the applica-

tion of such provision to other parties or in other circumstances not held invalid shall not be affected thereby."

FEDERAL RULES OF CIVIL PROCEDURE

Subpoena, see rule 45, Title 28, Appendix, Judiciary and Judicial Procedure.

CROSS REFERENCES

Immunity of witnesses, see section 6001 et seq. of Title 18, Crimes and Criminal Procedure.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 154, 155, 797g of this title; title 18 section 6001.

## § 158. Agreement to arbitrate; form and contents; signatures and acknowledgment; revocation

The agreement to arbitrate—

(a) Shall be in writing;

(b) Shall stipulate that the arbitration is had under the provisions of this chapter;

(c) Shall state whether the board of arbitration is to consist of three or of six members;

(d) Shall be signed by the duly accredited representatives of the carrier or carriers and the employees, parties respectively to the agreement to arbitrate, and shall be acknowledged by said parties before a notary public, the clerk of a district court or court of appeals of the United States, or before a member of the Mediation Board, and, when so acknowledged, shall be filed in the office of the Mediation Board;

(e) Shall state specifically the questions to be submitted to the said board for decision; and that, in its award or awards, the said board shall confine itself strictly to decisions as to the questions so specifically submitted to it;

(f) Shall provide that the questions, or any one or more of them, submitted by the parties to the board of arbitration may be withdrawn from arbitration on notice to that effect signed by the duly accredited representatives of all the parties and served on the board of arbitration;

(g) Shall stipulate that the signatures of a majority of said board of arbitration affixed to their award shall be competent to constitute a valid and binding award;

(h) Shall fix a period from the date of the appointment of the arbitrator or arbitrators necessary to complete the board (as provided for in the agreement) within which the said board shall commence its hearings;

(i) Shall fix a period from the beginning of the hearings within which the said board shall make and file its award: *Provided*, That the parties may agree at any time upon an extension of this period;

(j) Shall provide for the date from which the award shall become effective and shall fix the period during which the award shall continue in force;

(k) Shall provide that the award of the board of arbitration and the evidence of the proceedings before the board relating thereto, when certified under the hands of at least a majority of the arbitrators, shall be filed in the clerk's office of the district court of the United States for the district wherein the controversy arose or the arbitration was entered into, which district shall be designated in the agreement; and, when so filed, such award and proceedings shall constitute the full and complete record of the arbitration;

(l) Shall provide that the award, when so filed, shall be final and conclusive upon the parties as to the facts determined by said award and as to the merits of the controversy decided;

(m) Shall provide that any difference arising as to the meaning, or the application of the provisions, of an award made by a board of arbitration shall be referred back for a ruling to the same board, or, by agreement, to a subcommittee of such board; and that such ruling, when acknowledged in the same manner, and filed in the same district court clerk's office, as the original award, shall be a part of and shall have the same force and effect as such original award; and

(n) Shall provide that the respective parties to the award will each faithfully execute the same.

The said agreement to arbitrate, when properly signed and acknowledged as herein provided, shall not be revoked by a party to such agreement: *Provided, however*, That such agreement to arbitrate may at any time be revoked and canceled by the written agreement of both parties, signed by their duly accredited representatives, and (if no board of arbitration has yet been constituted under the agreement) delivered to the Mediation Board or any member thereof; or, if the board of arbitration has been constituted as provided by this chapter, delivered to such board of arbitration.

(May 20, 1926, ch. 347, §8, 44 Stat. 584; June 21, 1934, ch. 691, §7, 48 Stat. 1197; June 25, 1948, ch. 646, §32(a), 62 Stat. 991; May 24, 1949, ch. 139, §127, 63 Stat. 107.)

CODIFICATION

As originally enacted, par. (d) contained a reference to the "circuit court of appeals". Act June 25, 1948, as amended by act May 24, 1949, substituted "court of appeals" for "circuit court of appeals".

AMENDMENTS

1934—Act June 21, 1934, substituted "Mediation Board" for "Board of Mediation" wherever appearing.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in section 797g of this title.

## § 159. Award and judgment thereon; effect of chapter on individual employee

### First. Filing of award

The award of a board of arbitration, having been acknowledged as herein provided, shall be filed in the clerk's office of the district court designated in the agreement to arbitrate.

### Second. Conclusiveness of award; judgment

An award acknowledged and filed as herein provided shall be conclusive on the parties as to the merits and facts of the controversy submitted to arbitration, and unless, within ten days after the filing of the award, a petition to impeach the award, on the grounds hereinafter set forth, shall be filed in the clerk's office of the court in which the award has been filed, the court shall enter judgment on the award, which judgment shall be final and conclusive on the parties.

### Third. Impeachment of award; grounds

Such petition for the impeachment or contesting of any award so filed shall be entertained by

the court only on one or more of the following grounds:

(a) That the award plainly does not conform to the substantive requirements laid down by this chapter for such awards, or that the proceedings were not substantially in conformity with this chapter;

(b) That the award does not conform, nor confine itself, to the stipulations of the agreement to arbitrate; or

(c) That a member of the board of arbitration rendering the award was guilty of fraud or corruption; or that a party to the arbitration practiced fraud or corruption which fraud or corruption affected the result of the arbitration: *Provided, however*, That no court shall entertain any such petition on the ground that an award is invalid for uncertainty; in such case the proper remedy shall be a submission of such award to a reconvened board, or subcommittee thereof, for interpretation, as provided by this chapter: *Provided further*, That an award contested as herein provided shall be construed liberally by the court, with a view to favoring its validity, and that no award shall be set aside for trivial irregularity or clerical error, going only to form and not to substance.

**Fourth. Effect of partial invalidity of award**

If the court shall determine that a part of the award is invalid on some ground or grounds designated in this section as a ground of invalidity, but shall determine that apart of the award is valid, the court shall set aside the entire award: *Provided, however*, That, if the parties shall agree thereto, and if such valid and invalid parts are separable, the court shall set aside the invalid part, and order judgment to stand as to the valid part.

**Fifth. Appeal; record**

At the expiration of 10 days from the decision of the district court upon the petition filed as aforesaid, final judgment shall be entered in accordance with said decision, unless during said 10 days either party shall appeal therefrom to the court of appeals. In such case only such portion of the record shall be transmitted to the appellate court as is necessary to the proper understanding and consideration of the questions of law presented by said petition and to be decided.

**Sixth. Finality of decision of court of appeals**

The determination of said court of appeals upon said questions shall be final, and, being certified by the clerk thereof to said district court, judgment pursuant thereto shall thereupon be entered by said district court.

**Seventh. Judgment where petitioner's contentions are sustained**

If the petitioner's contentions are finally sustained, judgment shall be entered setting aside the award in whole or, if the parties so agree, in part; but in such case the parties may agree upon a judgment to be entered disposing of the subject matter of the controversy, which judgment when entered shall have the same force and effect as judgment entered upon an award.

**Eighth. Duty of employee to render service without consent; right to quit**

Nothing in this chapter shall be construed to require an individual employee to render labor or service without his consent, nor shall anything in this chapter be construed to make the quitting of his labor or service by an individual employee an illegal act; nor shall any court issue any process to compel the performance by an individual employee of such labor or service, without his consent.

(May 20, 1926, ch. 347, §9, 44 Stat. 585; June 25, 1948, ch. 646, §32(a), 62 Stat. 991; May 24, 1949, ch. 139, §127, 63 Stat. 107.)

CODIFICATION

As originally enacted, pars. Fifth and Sixth contained references to the "circuit court of appeals". Act June 25, 1948, as amended by act May 24, 1949, substituted "court of appeals" for "circuit court of appeals".

FEDERAL RULES OF CIVIL PROCEDURE

Application of rules, see rule 81, Title 28, Appendix, Judiciary and Judicial Procedure.

**§ 159a. Special procedure for commuter service**

**(a) Applicability of provisions**

Except as provided in section 590(h) of this title, the provisions of this section shall apply to any dispute subject to this chapter between a publicly funded and publicly operated carrier providing rail commuter service (including the Amtrak Commuter Services Corporation) and its employees.

**(b) Request for establishment of emergency board**

If a dispute between the parties described in subsection (a) of this section is not adjusted under the foregoing provisions of this chapter and the President does not, under section 160 of this title, create an emergency board to investigate and report on such dispute, then any party to the dispute or the Governor of any State through which the service that is the subject of the dispute is operated may request the President to establish such an emergency board.

**(c) Establishment of emergency board**

(1) Upon the request of a party or a Governor under subsection (b) of this section, the President shall create an emergency board to investigate and report on the dispute in accordance with section 160 of this title. For purposes of this subsection, the period during which no change, except by agreement, shall be made by the parties in the conditions out of which the dispute arose shall be 120 days from the day of the creation of such emergency board.

(2) If the President, in his discretion, creates a board to investigate and report on a dispute between the parties described in subsection (a) of this section, the provisions of this section shall apply to the same extent as if such board had been created pursuant to paragraph (1) of this subsection.

**(d) Public hearing by National Mediation Board upon failure of emergency board to effectuate settlement of dispute**

Within 60 days after the creation of an emergency board under this section, if there has been no settlement between the parties, the National Mediation Board shall conduct a public hearing on the dispute at which each party shall appear

and provide testimony setting forth the reasons it has not accepted the recommendations of the emergency board for settlement of the dispute.

### (e) Establishment of second emergency board

If no settlement in the dispute is reached at the end of the 120-day period beginning on the date of the creation of the emergency board, any party to the dispute or the Governor of any State through which the service that is the subject of the dispute is operated may request the President to establish another emergency board, in which case the President shall establish such emergency board.

### (f) Submission of final offers to second emergency board by parties

Within 30 days after creation of a board under subsection (e) of this section, the parties to the dispute shall submit to the board final offers for settlement of the dispute.

### (g) Report of second emergency board

Within 30 days after the submission of final offers under subsection (f) of this section, the emergency board shall submit a report to the President setting forth its selection of the most reasonable offer.

### (h) Maintenance of status quo during dispute period

From the time a request to establish a board is made under subsection (e) of this section until 60 days after such board makes its report under subsection (g) of this section, no change, except by agreement, shall be made by the parties in the conditions out of which the dispute arose.

### (i) Work stoppages by employees subsequent to carrier offer selected; eligibility of employees for benefits

If the emergency board selects the final offer submitted by the carrier and, after the expiration of the 60-day period described in subsection (h) of this section, the employees of such carrier engage in any work stoppage arising out of the dispute, such employees shall not be eligible during the period of such work stoppage for benefits under the Railroad Unemployment Insurance Act [45 U.S.C. 351 et seq.].

### (j) Work stoppages by employees subsequent to employees offer selected; eligibility of employer for benefits

If the emergency board selects the final offer submitted by the employees and, after the expiration of the 60-day period described in subsection (h) of this section, the carrier refuses to accept the final offer submitted by the employees and the employees of such carrier engage in any work stoppage arising out of the dispute, the carrier shall not participate in any benefits of any agreement between carriers which is designed to provide benefits to such carriers during a work stoppage.

(May 20, 1926, ch. 347, §9A, as added Aug. 13, 1981, Pub. L. 97–35, title XI, §1157, 95 Stat. 681.)

#### REFERENCES IN TEXT

The Railroad Unemployment Insurance Act, referred to in subsec. (i), is act June 25, 1938, ch. 680, 52 Stat. 1094, as amended, which is classified principally to chapter 11 (§351 et seq.) of this title. For complete classification of this Act to the Code, see section 367 of this title and Tables.

#### EFFECTIVE DATE

Section effective Aug. 13, 1981, see section 1169 of Pub. L. 97–35, set out as a note under section 1101 of this title.

## § 160. Emergency board

If a dispute between a carrier and its employees be not adjusted under the foregoing provisions of this chapter and should, in the judgment of the Mediation Board, threaten substantially to interrupt interstate commerce to a degree such as to deprive any section of the country of essential transportation service, the Mediation Board shall notify the President, who may thereupon, in his discretion, create a board to investigate and report respecting such dispute. Such board shall be composed of such number of persons as to the President may seem desirable: *Provided, however,* That no member appointed shall be pecuniarily or otherwise interested in any organization of employees or any carrier. The compensation of the members of any such board shall be fixed by the President. Such board shall be created separately in each instance and it shall investigate promptly the facts as to the dispute and make a report thereon to the President within thirty days from the date of its creation.

There is authorized to be appropriated such sums as may be necessary for the expenses of such board, including the compensation and the necessary traveling expenses and expenses actually incurred for subsistence, of the members of the board. All expenditures of the board shall be allowed and paid on the presentation of itemized vouchers therefor approved by the chairman.

After the creation of such board and for thirty days after such board has made its report to the President, no change, except by agreement, shall be made by the parties to the controversy in the conditions out of which the dispute arose.

(May 20, 1926, ch. 347, §10, 44 Stat. 586; June 21, 1934, ch. 691, §7, 48 Stat. 1197.)

#### AMENDMENTS

1934—Act June 21, 1934, substituted "Mediation Board" for "Board of Mediation" wherever appearing.

#### SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 155, 159a of this title.

## § 161. Effect of partial invalidity of chapter

If any provision of this chapter, or the application thereof to any person or circumstance, is held invalid, the remainder of the chapter, and the application of such provision to other persons or circumstances, shall not be affected thereby.

(May 20, 1926, ch. 347, §11, 44 Stat. 587.)

#### SEPARABILITY; REPEAL OF INCONSISTENT PROVISIONS

Section 8 of act June 21, 1934, provided that: "If any section, subsection, sentence, clause, or phrase of this Act [amending sections 151 to 158, 160, and 162 of this title] is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this Act. All Acts or parts of Acts

inconsistent with the provisions of this Act are hereby repealed."

## § 162. Authorization of appropriations

There is authorized to be appropriated such sums as may be necessary for expenditure by the Mediation Board in carrying out the provisions of this chapter.

(May 20, 1926, ch. 347, § 12, 44 Stat. 587; June 21, 1934, ch. 691, § 7, 48 Stat. 1197.)

AMENDMENTS

1934—Act June 21, 1934, substituted "Mediation Board" for "Board of Mediation".

## § 163. Repeal of prior legislation; exception

Chapters 6 and 7 of this title, providing for mediation, conciliation, and arbitration, and all Acts and parts of Acts in conflict with the provisions of this chapter are repealed, except that the members, secretary, officers, employees, and agents of the Railroad Labor Board, in office on May 20, 1926, shall receive their salaries for a period of 30 days from such date, in the same manner as though this chapter had not been passed.

(May 20, 1926, ch. 347, § 14, 44 Stat. 587.)

REFERENCES IN TEXT

Chapters 6 and 7 of this title, referred to in text, were in the original references to the act of July 15, 1913, and title III of the Transportation Act, 1920, respectively.

## § 164. Repealed. Oct. 10, 1940, ch. 851, § 4, 54 Stat. 1111

Section, act Feb. 11, 1927, ch. 104, § 1, 44 Stat. 1072, related to advertisements for proposals for purchases or services rendered for Board of Mediation, including arbitration boards. See section 5 of Title 41, Public Contracts.

## SUBCHAPTER II—CARRIERS BY AIR

SUBCHAPTER REFERRED TO IN OTHER SECTIONS

This subchapter is referred to in title 26 section 410; title 29 section 213; title 49 App. section 1371.

## § 181. Application of subchapter I to carriers by air

All of the provisions of subchapter I of this chapter except section 153 of this title are extended to and shall cover every common carrier by air engaged in interstate or foreign commerce, and every carrier by air transporting mail for or under contract with the United States Government, and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service.

(May 20, 1926, ch. 347, § 201, as added Apr. 10, 1936, ch. 166, 49 Stat. 1189.)

## § 182. Duties, penalties, benefits, and privileges of subchapter I applicable

The duties, requirements, penalties, benefits, and privileges prescribed and established by the provisions of subchapter I of this chapter except section 153 of this title shall apply to said carriers by air and their employees in the same manner and to the same extent as though such carriers and their employees were specifically included within the definition of "carrier" and "employee", respectively, in section 151 of this title.

(May 20, 1926, ch. 347, § 202, as added Apr. 10, 1936, ch. 166, 49 Stat. 1189.)

## § 183. Disputes within jurisdiction of Mediation Board

The parties or either party to a dispute between an employee or a group of employees and a carrier or carriers by air may invoke the services of the National Mediation Board and the jurisdiction of said Mediation Board is extended to any of the following cases:

(a) A dispute concerning changes in rates of pay, rules, or working conditions not adjusted by the parties in conference.

(b) Any other dispute not referable to an adjustment board, as hereinafter provided, and not adjusted in conference between the parties, or where conferences are refused.

The National Mediation Board may proffer its services in case any labor emergency is found by it to exist at any time.

The services of the Mediation Board may be invoked in a case under this subchapter in the same manner and to the same extent as are the disputes covered by section 155 of this title.

(May 20, 1926, ch. 347, § 203, as added Apr. 10, 1936, ch. 166, 49 Stat. 1189.)

## § 184. System, group, or regional boards of adjustment

The disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on April 10, 1936 before the National Labor Relations Board, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to an appropriate adjustment board, as hereinafter provided, with a full statement of the facts and supporting data bearing upon the disputes.

It shall be the duty of every carrier and of its employees, acting through their representatives, selected in accordance with the provisions of this subchapter, to establish a board of adjustment of jurisdiction not exceeding the jurisdiction which may be lawfully exercised by system, group, or regional boards of adjustment, under the authority of section 153 of this title.

Such boards of adjustment may be established by agreement between employees and carriers either on any individual carrier, or system, or group of carriers by air and any class or classes of its or their employees; or pending the establishment of a permanent National Board of Adjustment as hereinafter provided. Nothing in this chapter shall prevent said carriers by air, or any class or classes of their employees, both acting through their representatives selected in ac-

cordance with provisions of this subchapter, from mutually agreeing to the establishment of a National Board of Adjustment of temporary duration and of similarly limited jurisdiction.

(May 20, 1926, ch. 347, §204, as added Apr. 10, 1936, ch. 166, 49 Stat. 1189.)

### § 185. National Air Transport Adjustment Board

When, in the judgment of the National Mediation Board, it shall be necessary to have a permanent national board of adjustment in order to provide for the prompt and orderly settlement of disputes between said carriers by air, or any of them, and its or their employees, growing out of grievances or out of the interpretation or application of agreements between said carriers by air or any of them, and any class or classes of its or their employees, covering rates of pay, rules, or working conditions, the National Mediation Board is empowered and directed, by its order duly made, published, and served, to direct the said carriers by air and such labor organizations of their employees, national in scope, as have been or may be recognized in accordance with the provisions of this chapter, to select and designate four representatives who shall constitute a board which shall be known as the "National Air Transport Adjustment Board." Two members of said National Air Transport Adjustment Board shall be selected by said carriers by air and two members by the said labor organizations of the employees, within thirty days after the date of the order of the National Mediation Board, in the manner and by the procedure prescribed by section 153 of this title for the selection and designation of members of the National Railroad Adjustment Board. The National Air Transport Adjustment Board shall meet within forty days after the date of the order of the National Mediation Board directing the selection and designation of its members and shall organize and adopt rules for conducting its proceedings, in the manner prescribed in section 153 of this title. Vacancies in membership or office shall be filled, members shall be appointed in case of failure of the carriers or of labor organizations of the employees to select and designate representatives, members of the National Air Transport Adjustment Board shall be compensated, hearings shall be held, findings and awards made, stated, served, and enforced, and the number and compensation of any necessary assistants shall be determined and the compensation of such employees shall be paid, all in the same manner and to the same extent as provided with reference to the National Railroad Adjustment Board by section 153 of this title. The powers and duties prescribed and established by the provisions of section 153 of this title with reference to the National Railroad Adjustment Board and the several divisions thereof are conferred upon and shall be exercised and performed in like manner and to the same extent by the said National Air Transport Adjust-

ment Board, not exceeding, however, the jurisdiction conferred upon said National Air Transport Adjustment Board by the provisions of this subchapter. From and after the organization of the National Air Transport Adjustment Board, if any system, group, or regional board of adjustment established by any carrier or carriers by air and any class or classes of its or their employees is not satisfactory to either party thereto, the said party, upon ninety days' notice to the other party, may elect to come under the jurisdiction of the National Air Transport Adjustment Board.

(May 20, 1926, ch. 347, §205, as added Apr. 10, 1936, ch. 166, 49 Stat. 1190.)

FEDERAL RULES OF CIVIL PROCEDURE

Application of rules, see rule 81, Title 28, Appendix, Judiciary and Judicial Procedure.

Effect of rules on this section, see note by Advisory Committee under rule 81.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in title 26 section 410; title 29 section 213; title 49 section 1371.

### § 186. Omitted

CODIFICATION

Section, act May 20, 1926, ch. 347, §206, as added Apr. 10, 1936, ch. 166, 49 Stat. 1191, transferred certain pending cases before National Labor Relations Board to Mediation Board.

### § 187. Separability

If any provision of this subchapter or application thereof to any person or circumstance is held invalid, the remainder of such sections and the application of such provision to other persons or circumstances shall not be affected thereby.

(May 20, 1926, ch. 347, §207, as added Apr. 10, 1936, ch. 166, 49 Stat. 1191.)

### § 188. Authorization of appropriations

There is authorized to be appropriated such sums as may be necessary for expenditure by the Mediation Board in carrying out the provisions of this chapter.

(May 20, 1926, ch. 347, §208, as added Apr. 10, 1936, ch. 166, 49 Stat. 1191.)

REFERENCES IN TEXT

This chapter, referred to in text, was in the original "this Act", meaning act May 20, 1926, ch. 347, 44 Stat. 577, as amended, known as the Railway Labor Act, which enacted this chapter and amended sections 225 and 348 of former Title 28, Judicial Code and Judiciary. Sections 225 and 348 of former Title 28 were repealed by section 39 of act June 25, 1948, ch. 646, 62 Stat. 992, section 1 of which enacted Title 28, Judiciary and Judicial Procedure. Section 225 of former Title 28 was reenacted as sections 1291 to 1294 of Title 28. For complete classification of this Act to the Code, see this section and Tables.